UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ERIC D. GANT,                                              Case No. 1:25-cv-00340

    Plaintiff,                                              Hon.  Robert J. Jonker
                                                             U.S. District Judge
v.

ORBIT LEASING,

    Defendant
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Eric D. Gant filed this complaint against Orbit Leasing.  (ECF No. 1.)  Gant says that he "has decided to discharge his obligations" under a car loan that he took out with Defendant Orbit Leasing.  (*Id.*, PageID.1.)  Gant says that he would like a discharge of the debt he owes and "tremble damages known as time damages in the amount of $10,000."  (*Id.*, PageID.4.)  Gant requests "full faith and credit under Michigan law." (*Id.*)  His only attempt to raise a federal cause of action is his assertion that the U.S. Constitution applies under Article IV, Section 1 requiring full faith and credit given in each state.  (*Id.*, PageID.3.)  Gant was granted *in forma pauperis* status on March 28, 2025.  (ECF No. 4.)

### II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on

1

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

It is difficult to discern exactly what Gant is requesting in his complaint. It appears that he took out a car loan, and now he does not like the deal that he negotiated, so he wants to get out of the loan. Gant has failed to fully set forth facts

that could establish that he has the right to rescind the agreement and further, that he has the right to file a lawsuit asking the Court to not only allow him to rescind the agreement but to also award him additional damages.

Gant's complaint also fails to establish that this court has subject matter jurisdiction in this case. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue sua sponte. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

First, Gant has failed to assert a federal cause of action. This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States. 28 U.S.C. § 1331. Although, Gant has cited to the Full Faith and Credit Clause of the U.S. Constitution, he fails to set forth facts as to how the U.S. Constitution applies to the car loan that he obtained from Defendant Orbit Leasing.

> The Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., Art. IV, § 1. That Clause requires each State to recognize and give effect to valid judgments rendered by the courts of its sister States. It serves "to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation."

*V.L. v. E.L.*, 577 U.S. 404, 406–07 (2016), citing *Milwaukee County v. M.E. White Co.*,

296 U.S. 268, 277 (1935). Gant has failed to show how the Full Faith and Credit Clause of the U.S. Constitution, applicable to the states, applies to his loan agreement.

Second, a fair reading of Gant's complaint shows that he is attempting to rescind the agreement that he made with Orbit Leasing. Gant cites to Mich. Comp. Laws § 767.24, which involves the indictment of crimes, and to provisions of the Michigan Uniform Commercial Code. Although it is not clear, he appears to bring this action under Michigan law but he fails to explain how the Michigan law he cites in his complaint was either violated by Defendant Orbit Leasing or how it applies to the facts of this case.

Gant has also failed to assert diversity jurisdiction. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the matter is between citizens of different states. "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Ali v. City of East Cleveland*, No. 1:18 cv 2068, 2018 WL 6696911, at *1 (N.D. Ohio Dec. 20, 2018). When asserting diversity of citizenship jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties. *Hertz Corp*, 559 U.S. at 96-97. Gant alleges that he is a resident of Michigan and that Orbit Leasing is in Michigan and is a resident of Michigan. (ECF No. 1, PageID.1.)

In the opinion of the undersigned, this Court lacks jurisdiction in this case.

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint without prejudice because Gant has failed to properly allege facts which could establish that this Court has jurisdiction over his state law claim.

Dated:  April 2, 2025                               /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).