UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC D. GANT,

       Plaintiff,

                                Case No. 1:25-cv-340

v.

                                HON. ROBERT J. JONKER

ORBIT LEASING,

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 6) filed on April 2, 2025.    Plaintiff filed his Objections to the Report and Recommendation (ECF No. 10) on April 10, 2025.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."    12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).    De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.   *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends that the Court *sua sponte* dismiss without prejudice all claims for lack of jurisdiction.    Plaintiff objects to the Report and Recommendation.    After de novo review, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.   The Magistrate Judge carefully and thoroughly considered the allegations and the governing law.

As the Magistrate Judge points out, Plaintiff fails to establish federal jurisdiction.   His Amended Complaint invokes just two sources of authority: the United States Constitution and the Michigan Uniform Commercial Code.   (*See* ECF No. 8).   Reciting the Constitution's Full Faith and Credit Clause does not give Plaintiff a federal cause of action.   Neither can Plaintiff's state law claim continue without any facts establishing diversity jurisdiction.   Plaintiff objects that this Court has jurisdiction under 28 U.S.C. § 1331 because he "is suing under federal laws of the United States."   (ECF No. 10, PageID.29–30).   But as the Magistrate Judge correctly found, Plaintiff has not stated a plausible claim under the one source of federal authority he cites.   The Court does not have subject matter jurisdiction of this case.

Even if Plaintiff could establish jurisdiction, he has not articulated a plausible legal basis for his lawsuit.   Dismissal of all claims is therefore appropriate for lack of jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims are *sua sponte* **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction.


Dated:    April 15, 2025                             /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE


2